UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WILLIAM L. JOHNSON,                                  Case No. 23-CV-3079 (PJS/LIB)

              Plaintiff,

v.                                                                ORDER

UNITED GROUND EXPRESS INC.,

              Defendant.

William L. Johnson, pro se.

Develyn Mistriotti and Paul E. Bateman, LITTLER MENDELSON, P.C., for defendant.

Plaintiff William L. Johnson brought this employment-discrimination action against his former employer, United Ground Express Inc. ("UGE"), alleging that he was terminated because of his race and disability. *See generally* ECF No. 5. This matter is before the Court on Johnson's objection to the February 3, 2026, Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois. ECF Nos. 105, 106.[1] Judge Brisbois recommends granting UGE's motion for summary judgment and dismissing Johnson's amended complaint. ECF No. 104. The Court has conducted a de

---

[1]Johnson filed a separate "Notice of Appeal," ECF No. 105, that is identical to his objection, ECF No. 106. Both documents were filed a week late, continuing Johnson's pattern of failing to meet deadlines. *See* ECF No. 104 at 2–8 (describing Johnson's repeated delays and noncompliance with various orders). The Court nevertheless considers Johnson's objection on the merits.

novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).[2]  Based on that review, the

Court overrules Johnson's objection and adopts the R&R.  Only two matters merit

comment:

First, Johnson's objection primarily focuses on Judge Brisbois's order granting in

part UGE's motion for discovery sanctions.  *See, e.g.*, ECF No. 106 at 3 ("[P]age 10 [of the

R&R] states that the Court's [sic] finds plaintiff William failed to comply with the June

2, 2025 Order, and thus, I . . . [have] violated its Order.").  In sanctioning Johnson for

refusing "to meaningfully participate in discovery," Judge Brisbois ordered that

Johnson "may not rely upon any evidence in support of his claims unless that evidence

was disclosed in discovery before the close of the discovery period on July 31, 2025."

ECF No. 104 at 10, 30.  A magistrate judge's decision on a nondispositive

matter—including a decision to impose a nondispositive sanction for discovery

violations—may be reversed only if it is "clearly erroneous or contrary to law."  28

U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Smith v. Bradley Pizza, Inc.*, No. 17-CV-

2032 (ECT/KMM), 2019 WL 2448575, at *10 (D. Minn. June 12, 2019) (collecting cases and

---

[2]UGE argues that Johnson's objection is too "general and conclusory" to trigger de novo review.  ECF No. 109 at 4–5 (quoting *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)).  But a pro se objection must be liberally construed, even if the objection is "not as ideally precise as a pleading from a trained lawyer."  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (concluding that a pro se petitioner's objections "were certainly definite enough to require de novo review") (quotation omitted).  Liberally construed, Johnson's objections are sufficiently specific to require de novo review.

noting that the "majority of circuits treat sanctions as non-dispositive matters unless the sanction awarded by a magistrate judge disposes of a claim").  Having reviewed Judge Brisbois's order, the parties' briefing, and the relevant portions of the record, the Court cannot find that the order is clearly erroneous or contrary to law.  The order is therefore affirmed.[3]

Second, Johnson's remaining objections raise a number of evidentiary arguments. *See, e.g.*, ECF No. 106 at 4–5 (seeking, among other things, "a hearing for warning letters inadmissible" and for the Court to "permit [Johnson's] witnesses to attend the final hearing").  These arguments are not properly before the Court, however, as Johnson did not make them before Judge Brisbois.  *See, e.g.*, *Ridenour v. Boehring Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1066–67 (8th Cir. 2012) ("[P]laintiff was required to present all of his arguments to the magistrate judge, lest they be waived.").  As Judge Brisbois noted, Johnson "failed to submit any substantive response" to UGE's summary-judgment motion, and he made no attempt "to offer or highlight any evidence that he had disclosed to Defendant prior to the discovery deadline."  ECF No. 104 at 18 n.9.  It is one thing to liberally construe Johnson's pro-se objection; it is another to entertain arguments that Johnson never made before Judge Brisbois.  *See Delgado v. Midland Credit*

---

[3]To be clear, the Court would affirm Judge Brisbois's order even if the order were reviewed de novo.

*Mgmt., Inc.*, 131 F.4th 896, 901 (8th Cir. 2025) ("Pro se litigants must follow the rules like everyone else.").

But even on the merits, Johnson's requests to admit or exclude certain evidence do not undermine the R&R's conclusion that no reasonable jury could find, based on the admissible evidence in the record, that UGE terminated Johnson because of his race or disability.  ECF No. 104 at 24, 29–30.  Accordingly, UGE's summary-judgment motion is granted, and Johnson's remaining claims are dismissed with prejudice.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 105, 106] and ADOPTS the February 3, 2026, Report and Recommendation [ECF No. 104].  IT IS HEREBY ORDERED THAT:

1.      Defendant's motion for summary judgment [ECF No. 84] is GRANTED.

2.      Plaintiff's amended complaint [ECF No. 5] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 13, 2026                      /s/ Patrick J. Schiltz
                                         Patrick J. Schiltz, Chief Judge
                                         United States District Court